UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM ALLEN WHITLOW,

    Plaintiff,

v.                                                    Case No. 5:17cv23/MCR/CJK

ERIN E. OLIVER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 10). Upon review of the complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections (FDC) currently confined at Santa Rosa Correctional Institution. Plaintiff has filed a 55-page amended complaint, which is largely incoherent. (Doc. 10). The court has gleaned from plaintiff's statement of claims and demand for relief, that plaintiff believes he is being "falsely imprisoned" and seeks "a release from prison with en[ough] money to live on". (Doc. 10, p. 8 in ECF). The court required the filing of an amended complaint, because plaintiff failed to provide complete answers to questions on the original complaint form concerning his prior litigation history. (*See*

Doc. 4 (order discussing plaintiff's incomplete responses); Doc. 1 (original complaint)).

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss a case if it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (Doc. 10, p. 4 in ECF). Where are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), plaintiff marked "No" and disclosed no cases. (*Id.*). Also on page three of the civil rights complaint form, Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (Doc. 10, p. 4 in ECF). Where are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), plaintiff marked "No", but disclosed that he filed a habeas corpus petition in the United States District Court for the Middle District of Florida. (*Id.*).

On the following page of the civil rights complaint form, page 4, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other

actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 10, p. 5 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes" and disclosed that he filed cases in the Middle District, but did not identify them. Plaintiff explained: "I William did write the clerk of all of the courts that I filed in as indicated by me William upon notification of this court of 2 different complaints to get them for this court but yet the clerks haven't responded 60 days later." (Doc. 10, p. 5 in ECF). Also on page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (Doc. 10, p. 5 in ECF). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked neither box and disclosed no federal cases. (*Id.*). The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE

UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 10, p. 4 in ECF). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 10, p. 8 in ECF).

Plaintiff's original complaint provided a similar explanation for plaintiff's failure to disclose his prior litigation. Plaintiff's original complaint asserted: "Ok I am unsure of the prior cases. Additionally I can't obtain them, I did request them." (Doc. 1, p. 3). The court's order requiring amendment (doc. 4) advised plaintiff that it is insufficient for him to state that he has no information on the cases he has filed. Upon the filing of every *pro se* case, the court mails the litigant a memorandum providing, among other information, the case number assigned to that case. (*See* Doc. 2). The memorandum also instructs the litigant to "keep one copy of all documents you file or receive in this case for your personal records." Litigants are mailed a copy of every order entered in the case, including reports issued by the magistrate judge and orders issued by the district judge disposing of the case. It is plaintiff's responsibility to maintain a record of the cases he has filed and the results of that litigation. The court advised plaintiff that if he "does not have sufficient

records or cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest accounting of them, including whether any case was dismissed as frivolous, malicious, for failure to state a claim, or prior to service." (Doc. 4, p. 4). Plaintiff was instructed to retain a copy of any such inquiry letter (and any response he received) as evidence that he made a reasonable, good-faith effort to disclose his litigation history. (Doc. 4, p. 2). Plaintiff's amended complaint was accompanied by no such documentation.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. *See* 28 U.S.C. § 1915(g) (providing that a prisoner who has had three or more cases or appeals dismissed on the grounds they are frivolous, malicious, or fail to state a claim upon which relief may be granted cannot proceed *in forma pauperis* in any future suit he files as a prisoner, unless he is under imminent danger of serious physical injury). The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with

another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that at the time plaintiff filed his original complaint in this case in January 2017, he had initiated <u>seven</u> civil actions, in this court alone, during the four-month period immediately preceding the filing of this case. All of those cases required disclosure. On September 20, 2016, plaintiff, while incarcerated, filed the following three civil rights actions in this court complaining about the conditions of his confinement at various institutions within the FDC:

- *Whitlow v. Rummel*, Case No. 3:16cv470/LC/EMT, dismissed as malicious on October 27, 2016;

- *Whitlow v. Coker*, Case No. 3:16cv471/RV/CJK, dismissed prior to service, on December 19, 2016, for plaintiff's failure to comply with an order of the court;

- *Whitlow v. Samples*, Case No. 5:16cv263/MP/GRJ, dismissed prior to service, on December 21, 2016, for plaintiff's failure to comply with an order of the court.

Plaintiff filed a fourth civil rights action in this court on October 6, 2016, complaining about the conditions of his confinement. *See Whitlow v. Coker*, Case No. 3:16cv510/MCR/CJK. The case was dismissed on February 3, 2017, prior to service, for plaintiff's failure to comply with an order of the court. In December 2016, just one month prior to filing his complaint in this case, plaintiff initiated three

additional civil rights actions challenging the conditions of his confinement at institutions within the FDC:

- *Whitlow v. Samples*, Case No. 5:16cv347/WTH/GRJ, dismissed as malicious on February 8, 2017;

- *Whitlow v. Lambert*, Case No. 3:16cv716/MCR/EMT, pending;

- *Whitlow v. Rumel*, Case No. 3:16cv717/MCR/CJK, pending.

All of the foregoing cases may be positively identified as having been filed by plaintiff because they bear his name and inmate number, DC#513215. Plaintiff did not disclose any of his prior seven civil rights actions in either his original complaint or his amended complaint, despite the complaint form's clear instructions that all prior cases must be disclosed and despite the close temporal proximity (and in some cases overlapping) of plaintiff's prior cases with this case.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* prisoner status does not excuse him from conforming to acceptable standards in approaching the court. Contrary to plaintiff's assertions that he was unable to disclose his litigation history because the clerk of court failed to provide him the information, this court's records establish that in the weeks leading up to this lawsuit, plaintiff received frequent notices, orders and other correspondence from this court concerning the seven other cases he had filed. Plaintiff cannot plausibly claim that he cannot recall his prior cases or that he could

not identify any of them. The court will not tolerate false or evasive responses in any pleading or motion filed before it, and should not allow plaintiff's untruthful and evasive responses to go unpunished. If plaintiff suffered no penalty for his conduct, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for plaintiff's lack of candor and failure to disclose and truthfully describe his prior lawsuits is to dismiss this case without prejudice as malicious for plaintiff's abuse of the judicial process.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 2nd day of May, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.